NEW ORLEANS & N. E. R. Co. *v.* WATSON.

(Division B. May 5, 1930.)

[128 So. 105. No. 28663.]

Statement of facts by **Anderson, J.**

244

Bozeman & Cameron, of Méridian, for appellant.

**G. W. Hosey** and **Jeff Collins,** both of Laurel, for appellee.

Argued orally by **Ben F. Cameron**, for appellant. ,

**Anderson, J.,** delivered the opinion of the court.

(After stating the case as above.)

It is a matter of common knowledge, of which the court will take judicial notice, that in modern railroad operations, large quantities of highly explosive and inflammable materials, such as dynamite, gasoline, and creosote, are constantly being transported on freight trains. The country is becoming more thickly populated; in cities and towns large numbers of business establishments and some residences are located adjacent to railroads; and in the country homes and barns and outhouses are found adjoining the rights of way of railroads. In view of these well-known conditions, can it be said that the destruction of nearby property by explosion or fire caused from the wreck of a freight train of this character is not one of the natural and probable results of such a wreck? We think not. Before the days of dynamite, gasoline, creosote and other highly explosive and inflammable materials, probably such a result could hardly have been anticipated. The law must expand and develop to meet the requirements of the growth and development of the country. Such expansion and development is one of the inherent qualities of the common law. Trainmen in charge of freight trains transporting materials of this character should use reasonable care to prevent wrecks. And what is reasonable care is measured by the well-known dangers incident to transportation of such materials. It is true that the evidence in this case showed, without conflict, that the trainmen in charge of the train heard and knew nothing which indicated that the train might be wrecked. Nevertheless, the evidence for the appellee tended to show that if the train crew had been exercising proper care and diligence in the operation of the train, they could and would have heard the noise of the bumping wheel under the tank car, which caused the wreck, and would have heard it in time

to take the necessary steps to prevent the wreck. We think, therefore, this was a question for the jury.

Appellant assigns and argues, as ground for reversal of the judgment, that the verdict of the jury was grossly excessive. The verdict does appear large, but we cannot say that it is so large as to be shocking to the enlightened conscience, and therefore the result of passion or prejudice on the part of the jury.

Affirmed.